---

## APPEAL OF THE FRED CANTRELL CO.

Docket No. 3141. Submitted June 17, 1925. Decided March 31, 1926.

*J. T. Menefee, C. P. A.*, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income and profits tax for the years 1919, 1920, and 1921, amounting to $2,740.05. They result from the disallowance of certain deductions made for exhaustion, wear and tear of property, and from the exclusion of certain amounts from the taxpayer's claimed invested capital for the years in question.

## FINDINGS OF FACT.

The taxpayer is a Tennessee corporation with its principal office in Chattanooga, and is engaged in the business of contracting and dealing in plumbing, heating, and electrical supplies. The business was previously conducted as an individual enterprise by Fred H. Cantrell.

The taxpayer was incorporated April 1, 1918. The assets of the individual business conducted by Cantrell, with the exception of accounts receivable, were paid in to the corporation in exchange for its entire issue of capital stock in the amount of $150,000. Immediately prior to the date of incorporation, Cantrell, who had been in business for 25 years, had made an inventory of his stock of merchandise, furniture, fixtures, tools, machinery, etc. In the making of the inventory, depreciation upon depreciable property was taken into account. The assets inventoried had cost from $10,000 to $15,000 more than the amount of the inventory, which totaled $140,000. The assets were inventoried and placed upon the taxpayer's books of account as follows:

| | |
|---|---:|
| Merchandise | $130,000 |
| Tools and machinery | 6,000 |
| Autos and trucks | 2,500 |
| Furniture and fixtures | 1,500 |
| Cash | 10,000 |
| Total | 150,000 |

The principal reason for incorporating the business was to enable employees to acquire an interest in the business. Some of these employees were permitted to acquire stock at a price of $66⅔ a share. Each employee subscribing for shares of stock gave Cantrell notes in payment therefor. It was supposed that the notes would be paid by the employees from dividends and from salaries. Cantrell also attempted to interest certain prominent business men in Chattanooga in the enterprise, and offered to sell certain business men shares at a price of $66⅔ a share. Only one of the business men, however, purchased any shares of stock at that price.

By reason of the fact that certain shares of capital stock of the corporation were sold at a price of two-thirds of the par value, the Commissioner held that the actual cash value of the assets paid in for shares of stock was only two-thirds of the par value of the shares, and reduced invested capital accordingly. He also held that the value of the depreciable assets paid in for such shares was only two-thirds of the amount claimed and reduced the depreciation claimed in like proportion.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*